**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

VAN TRUNG DINH,

*Plaintiff*,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

*Defendants*.

§ Civil Action No.
§ Judge

## VERIFIED COMPLAINT

Plaintiff Van Trung Dinh ("Plaintiff") asserts his claims against the Defendants identified on the attached Schedule A, which will be filed by Plaintiff contemporaneously with this Complaint under seal ("Schedule A"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., including 17 U.S.C. § 501.

2. Plaintiff is the author and registered owner of the two-dimensional artwork titled "Christmas Snowman," U.S. Copyright Registration No. VA 2-528-288 (the "Work"). A copy of the registration is attached as Exhibit A.

3. Defendants operate online storefronts on the Amazon, eBay, and Walmart marketplaces. Through those storefronts, Defendants advertise, offer for sale, and sell greeting cards that reproduce and display the Work without Plaintiff's authorization.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the laws of the United States and relates to copyrights.

5. This Court has personal jurisdiction over each Defendant. Each Defendant operates at least one fully interactive commercial storefront that offers shipping to consumers in the United States, including consumers in the State of Texas and this District. On information and belief, each Defendant has sold or offered to sell infringing greeting cards to residents of the State of Texas, committed infringing acts in the State of Texas, and caused Plaintiff injury in the State of Texas. Representative evidence of each Defendant's infringing listings appears in Exhibit B, which will be filed by Plaintiff under seal (the "Evidence of Infringement").

6. In the alternative, this Court has personal jurisdiction over any Defendant not subject to the jurisdiction of any state's courts of general jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law, and each such Defendant directs its activities at residents of the United States as a whole.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a). Each Defendant may be found in this District because each Defendant is subject to personal jurisdiction here. A substantial part of the infringing acts occurred in this District through Defendants' offers and sales to consumers here. On information and belief, Defendants do not reside in the United States and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

**PARTIES**

8. Plaintiff Van Trung Dinh is an individual and a citizen of Vietnam who resides at Thon Phu Chinh, Xa Hoa Phu, Ha Noi, 100000, Vietnam.

9. Plaintiff is the sole author of the Work and the copyright claimant named on Registration No. VA 2-528-288. Plaintiff owns all right, title, and interest in and to the Work.

10. Defendants are individuals, business entities of unknown makeup, or unincorporated associations. Each Defendant is identified by its storefront name and seller

identifier in Schedule A (collectively, "Defendants," and each storefront, an "Infringing Storefront"). Each Defendant is subject to suit in this Court.

11. On information and belief, Defendants reside or operate in foreign jurisdictions, including the People's Republic of China, or redistribute products from the same or similar sources in those locations.

12. Defendants conceal their true identities and the full scope of their operations. The true names and addresses of most Defendants are presently unknown to Plaintiff. Plaintiff will amend this Complaint when Defendants' true identities become known.

13. Schedule A identifies 115 Defendants operating 103 Amazon storefronts (Defendants 1-103), one eBay storefront (Defendant 104), and 11 Walmart storefronts (Defendants 105-115). Each Defendant, its marketplace, its seller identifier, and the listing identifiers for its infringing greeting cards are set forth on Schedule A.

**PLAINTIFF'S COPYRIGHTED WORK**

14. Plaintiff created the Work, an original two-dimensional artwork depicting a Christmas snowman, in 2026. Plaintiff completed the Work on or about July 16, 2026.

15. Plaintiff first published the Work in the United States on August 11, 2026.

16. Plaintiff created the Work through his own human authorship. Plaintiff's original contributions include the human-authored two-dimensional artwork, Plaintiff's modifications, and Plaintiff's selection, coordination, and arrangement of the Work's visual elements.

17. The United States Copyright Office registered the Work under Registration No. VA 2-528-288, with an effective date of registration of October 20, 2026. The Copyright Office issued the certificate of registration on October 20, 2026.

18. The registration identifies Plaintiff as the author and copyright claimant, states that the Work is not a work made for hire, and limits the claim to the human-authored material described in Paragraph 16. The registration excludes AI-generated image components.

19. Plaintiff's registration of the Work satisfies the registration requirement of 17 U.S.C. § 411(a). Under 17 U.S.C. § 410(c), the certificate constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate.

20. Plaintiff commercially exploits the Work by authorizing selected third-party sellers to reproduce, market, and distribute products incorporating the artwork through major e-commerce platforms serving consumers in the United States, including Amazon.com. For example, one of Plaintiff's authorized sellers operates an Amazon storefront accessible at: https://www.amazon.com/sp?ie=UTF8&seller=AQ5HPSUFTMDVH&asin=B0HBPMR889. Plaintiff retains ownership of the copyright and the exclusive rights in the protected elements of the *Christmas Snowman* artwork, except to the extent expressly authorized to third parties.

21. Plaintiff offers products bearing the Work through its affiliate storefronts to consumers in the United States. An example of a product offered through this sales channel is available at the Amazon Store named "Hangwoous" (See: https://www.amazon.com/sp?ie=UTF8&seller=AQ5HPSUFTMDVH).

22. A market exists for the Work as seasonal greeting cards and related holiday merchandise. Plaintiff has invested a lot of time, money and resources for creating, marketing, and selling products featuring the Work.

23. Plaintiff has never assigned, licensed, or otherwise authorized any Defendant to reproduce, distribute, display, or prepare derivative works based on the Work.

**DEFENDANTS' INFRINGING ACTIVITIES**

24. Each Defendant, without Plaintiff's authorization, has reproduced the Work on greeting cards, displayed the Work in product images on its Infringing Storefront, and offered for sale, sold, and distributed greeting cards bearing the Work. The specific listings for each Defendant are identified by listing identifier in Schedule A.

25. Defendants 1-103 display and sell infringing greeting cards on Amazon under the Amazon Standard Identification Numbers listed in Schedule A. Defendant 104 displays and sells an infringing greeting card on eBay under item number 860041024268. Defendants 105-115 display and sell infringing greeting cards on Walmart under the storefront identifiers listed in Schedule A.

26. Screenshots of each Defendant's infringing listing, captured on or about October 25, 2026, are attached as Exhibit B and are organized by Schedule A number.

27. A side-by-side comparison of the Work and a representative example of Defendants' infringing greeting cards appears below:

Plaintiff's Work



Def. #3's Infringing Work



28. Defendants' greeting cards copy the protectable, human-authored expression in the Work, including Then, he decorated the snowman with elements like eyes, smile, scarves, trees, light bulbs, and gift boxes. The only AI-generated and unprotected aspect of the expression is the bare snowman. Defendants' images are identical or substantially similar to the Work. An ordinary observer would recognize Defendants' images as copied from the Work.

29. Defendants had access to the Work. Plaintiff published the Work in the United States on August 11, 2026, and made the Work available to the public through the Amazon Store named "Hangwoous" (See: https://www.amazon.com/sp?ie=UTF8&seller=AQ5HPSUFTMDVH). Every Defendant's listing appeared after that publication date. The near-identical reproduction of the Work across 115 storefronts independently supports an inference that Defendants copied the Work rather than creating their images independently.

30. On information and belief, Defendants knew that the Work belonged to Plaintiff and acted willfully. Defendants reproduced the Work without alteration or with only minor alteration, offered the copies under generic or unrelated storefront names, and operated through anonymous seller accounts that conceal their identities.

31. On information and belief, Defendants act in concert. Several Defendants list identical images of the Work, use similar listing formats, and operate storefronts with related names, including Defendant 25 (Heated Shawl Shop) and Defendant 77 (The Heated Shawl Wraps). On information and belief, Defendants share suppliers, image files, or listing templates.

32. Each Infringing Storefront offers shipping to the United States, including to the State of Texas. On information and belief, each Defendant has sold infringing greeting cards to consumers in the United States, including consumers in the State of Texas.

33. Defendants' infringement irreparably harms Plaintiff. Defendants' sales divert customers from Plaintiff, depress the market price for the Work, and deprive Plaintiff of control over the Work. On information and belief, Defendants will continue to infringe unless this Court enjoins them.

34. Plaintiff has no adequate remedy at law.

**COUNT I: DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)**
**(Against All Defendants)**

35. Plaintiff realleges Paragraphs 1 through 33 as if fully set forth here.

36. The Work is an original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

37. Plaintiff owns a valid copyright in the Work, registered under Registration No. VA 2-528-288.

38. Under 17 U.S.C. § 106, Plaintiff holds the exclusive rights to reproduce the Work, prepare derivative works based on the Work, distribute copies of the Work to the public by sale, and display the Work publicly.

39. Each Defendant has infringed Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (2), (3), and (5) by reproducing the Work on greeting cards and in listing images, preparing derivative works based on the Work, distributing copies of the Work by sale, and publicly displaying the Work on its Infringing Storefront.

40. Each Defendant acted without Plaintiff's authorization, license, or consent.

41. Each Defendant's infringement is an infringement of copyright under 17 U.S.C. § 501(a).

42. On information and belief, each Defendant's infringement was and remains willful, with knowledge of Plaintiff's rights or in reckless disregard of those rights.





43. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered actual damages, and Defendants have earned profits attributable to the infringement.

44. Plaintiff is entitled to recover his actual damages and Defendants' profits under 17 U.S.C. § 504(b), or, at Plaintiff's election at any time before final judgment, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement under 17 U.S.C. § 504(c)(2).

45. Plaintiff is entitled to recover his full costs and reasonable attorneys' fees under 17 U.S.C. § 505.

46. Plaintiff is entitled to a permanent injunction under 17 U.S.C. § 502 and to impoundment and destruction of infringing articles under 17 U.S.C. § 503.

**COUNT II: CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**
**(Against All Defendants)**

47. Plaintiff realleges Paragraphs 1 through 45 as if fully set forth here.

48. Each Defendant's direct infringement, alleged in Count I, constitutes direct infringement by a third party as to every other Defendant acting in concert with that Defendant.

49. On information and belief, Defendants who supply, manufacture, or furnish image files or greeting cards bearing the Work to other Defendants know or have reason to know of the other Defendants' infringing sales. Those Defendants materially contribute to that infringement by supplying the infringing images and products.

50. On information and belief, Defendants who control related storefronts have the right and ability to supervise the infringing listings on those storefronts and receive a direct financial benefit from the sale of infringing greeting cards through those storefronts.

51. Through this conduct, those Defendants are contributorily and vicariously liable for infringement of Plaintiff's exclusive rights to reproduce, distribute, and publicly display the Work under 17 U.S.C. § 106(1), (3), and (5).

52. On information and belief, Defendants' secondary infringement was willful.

53. Plaintiff is entitled to the same relief under Count II as under Count I.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and in favor of Plaintiff as follows:

1. Declaring that each Defendant has infringed Plaintiff's copyright in the Work, Registration No. VA 2-528-288.

2. Declaring that each Defendant's infringement was knowing, intentional, and willful.

3. Permanently enjoining each Defendant, and each Defendant's officers, agents, servants, employees, successors, affiliates, and all persons in active concert or participation with any of them, under 17 U.S.C. § 502, from:

   a) reproducing, displaying, distributing, advertising, offering for sale, selling, or preparing derivative works based on the Work, or any colorable imitation of the Work, and

   b) enabling, inducing, or assisting any other person to engage in the conduct described in subparagraph (a).

4. Ordering the impoundment of all infringing copies of the Work in Defendants' possession, custody, or control, and the destruction or other reasonable disposition of those copies and of all means by which the copies were made, under 17 U.S.C. § 503(a) and (b).

5. Ordering Defendants, within fourteen (14) days after service of the judgment, to file with the Court and serve on Plaintiff a written report under oath describing in detail how Defendants have complied with the injunction.

6. Awarding Plaintiff his actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), or, at Plaintiff's election before final judgment, statutory damages under 17 U.S.C. § 504(c), enhanced for willful infringement under 17 U.S.C. § 504(c)(2), in an amount to be determined.

7. Awarding Plaintiff his full costs and reasonable attorneys' fees under 17 U.S.C. § 505.

8. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum rate permitted by law.

9. Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Patrick M. Jones
One of the Attorneys for Plaintiff

**PMJ PLLC**
Patrick M. Jones
(Admitted *Pro Hac Vice*)
1910 Pacific Ave., Suite 2000-1066
Dallas, TX 75201

and

The Department
1 North 1st Street, Suite 7815
Phoenix, AZ 85004
Tel: (312) 404-3225
Email: pmj@pmjpllc.com
Email: litigation@pmjpllc.com

## VERIFICATION

I, Van Trung Dinh, declare as follows:

1. I am the Plaintiff in this action. I am the author of the work titled "Christmas Snowman" and the owner of U.S. Copyright Registration No. VA 2-528-288.
2. I have read the foregoing Verified Complaint. The factual allegations in the Complaint are true and correct to the best of my knowledge. Where an allegation is made on information and belief, I believe that allegation to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 27, 2026 at Hanoi, Vietnam.

______________________________

Van Trung Dinh