# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VAN TRUNG DINH,<br><br>*Plaintiff,*<br>v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-1599<br>Judge Mazzant |

## ORDER

Pending before the Court is Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order, Preliminary Injunction, and an Order Restraining the Transfer of Assets (the "Motion") (Dkt. #6). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a copyright infringement case. Defendants are individuals, business entities of unknown makeup, or unincorporated associations and are identified in Schedule A (Dkt. #1 at ¶ 10; Dkt. #2). Defendants operate online storefronts on Amazon, eBay, and Walmart marketplaces ("Infringing Storefront" or "Online Marketplaces") (Dkt. #1 at ¶ 3; Dkt. #2).[1] Plaintiff is the author and registered owner of the two-dimensional artwork titled "Christmas Snowman," which has a U.S. Copyright Registration No. of VA 2-528-288 (the "Work)

[1] In total, Plaintiff identifies 115 Defendants as alleged infringers. Schedule A identifies 115 Defendants operating 103 Amazon storefronts (Defendants 1–103), one eBay storefront (Defendant 104), and eleven Walmart storefronts (Defendants 105–115) (Dkt. #1 at ¶ 13; Dkt. #2).

(Dkt. #1 at ¶ 2; Dkt. #1-2). Plaintiff alleges that Defendants—through those storefronts—advertise, offer for sale, and sell greeting cards that reproduce and display the Work without Plaintiff's authorization (Dkt. #3 at ¶ 3).

Plaintiff created the Work sometime in 2026 and completed it on or about July 16, 2026 (Dkt. #1 at ¶ 14). Plaintiff then first published the Work in the United States on August 11, 2026 (Dkt. #1 at ¶ 15). On October 20, 2026, the United States Copyright Office registered the Work under Registration No. VA 2-528-228 and issued a certificate of registration (Dkt. #1 at ¶ 17; Dkt. #1-2). Plaintiff commercially exploits the Work by authorizing selected third-party sellers to reproduce, market, and distribute products incorporating the artwork through major e-commerce platforms serving consumers in the United States, including Amazon (Dkt. #1 at ¶ 20). Except to the extent expressly authorized to third parties, Plaintiff retains ownership of the copyright and the exclusive rights in the protected elements of the Work (Dkt. #1 at ¶ 20).

Plaintiff alleges that a market exists for the Work as seasonal greeting cards and related holiday merchandise (Dkt. #1 at ¶ 22). Plaintiff further alleges that he has invested a lot of time, money, and resources for creating, marketing, and selling products featuring the Work (Dkt. #1 at ¶ 22). According to Plaintiff, he has never assigned, licensed, or otherwise authorized any Defendant to reproduce, distribute, display, or prepare derivative works based on the Work (Dkt. #1 at ¶ 23).

Plaintiff alleges that each Defendant, without his authorization, reproduced the Work on greeting cards, displayed the Work in product images on its Infringing Storefront, and offered for sale, sold, and distributed greeting cards bearing the Work (Dkt. #1 at ¶ 24; Dkt. #2; Dkt. #3). According to Plaintiff, Defendants had access to the Work because Plaintiff published the Work in

the United States on August 11, 2026, and made the Work available to the public through the Amazon Store named "Hangwoous" (Dkt. #1 at ¶ 29). Plaintiff alleges that every Defendant's listing appeared after the August 11, 2026 publication date (Dkt. #1 at ¶ 29). Each Infringing Storefront offers shipping to the United States, including to the State of Texas (Dkt. #1 at ¶ 32). Plaintiff alleges that each Defendant has sold infringing greeting cards ("Infringing Products") to consumers in the United States, including consumers in the State of Texas (Dkt. #1 at ¶ 32).

On October 29, 2026, Plaintiff filed his Verified Complaint (Dkt. #1). Also on October 29, 2026, Plaintiff filed the present Motion (Dkt. #6). In the Motion, Plaintiff seeks (1) a temporary restraining order; (2) an order restraining the transfer of assets tied to sales of the accused products; (3) limited expedited discovery from the online marketplaces and their payment processors; and (4) a hearing on a preliminary injunction set before the temporary restraining order expires against all Defendants identified in Schedule A (Dkt. #6 at p. 1). In addition to the Motion, Plaintiff submitted the Affidavit of Patrick M. Jones, supporting the allegations set out in Plaintiff's Verified Complaint and Motion ("Jones Aff.") (Dkt. #6-1).

## LEGAL STANDARD

The standard for issuance of an ex parte temporary restraining order has both procedural and substantive elements. Procedurally, the Court has the authority to issue an ex parte restraining order where (i) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (ii) "the movant's attorney certifies in writing any efforts made to give notice and why it should not be required." FED. R. CIV. P. 65(b)(1).

As to the substantive requirement, courts apply the same standard for temporary restraining orders as they do for preliminary injunctions. A party requesting a temporary restraining order must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.

**ANALYSIS**

Plaintiff asks the Court to grant four specific forms of relief:

1. An order restraining each Defendant from reproducing, publicly displaying, distributing, offering for sale, or selling greeting cards or other products bearing Plaintiff's Christmas Snowman artwork (U.S. Copyright Registration No. VA 2-528-288), or any work substantially similar to it;
2. An order restraining the transfer of funds held for each Defendant by Amazon, eBay, and Walmart and their payment processors, limited to the gross revenue from each Defendant's sales of the accused products;
3. Leave to serve limited discovery on the marketplaces to identify each Defendant and its payment accounts; and
4. A temporary restraining order lasting fourteen (14) days, within the period Federal Rule of Civil Procedure 65(b)(2) permits, and a preliminary injunction hearing set by the Court on a date prior to the expiration of the temporary restraining order

(Dkt. #6 at pp. 2–3). The Court is inclined to grant all the relief requested.

**I. Jurisdiction and Venue**

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The record shows each Defendant offered to ship the Infringing Products to Texas, and test purchases were placed from Defendant Nos. 21, 77, 104, 108, and 115 for delivery to a Texas address (Dkt. #6-1 at ¶ 10).

## II. Likelihood of Success on the Merits

Plaintiff has shown a substantial likelihood of success on Count I of the Verified Complaint, which asserts direct copyright infringement. The Work was first published on August 11, 2026, and the Copyright Office registered the Work effective October 20, 2026. The certificate of registration identifies Plaintiff as the author and copyright claimant. Because the Work was registered within five years after first publication, the certificate is prima facie evidence of the validity of the copyright and of the facts stated in the certificate (Dkt. #1 at ¶¶ 17–19; Dkt. #3). *See* 17 U.S.C. § 410(c). The registration excludes AI generated image components, and Plaintiff's claim covers the human-authored elements of the Work (Dkt. #1 at ¶ 18). For each Seller ID, Exhibit B to the Verified Complaint shows a product listing and a greeting card image that reproduces the Work (Dkt. #1 at ¶ 25; Dkt. #3). Defendants reproduced the Work without alteration or with only minor alteration, and no Defendant has Plaintiff's authorization, license, or consent (Dkt. #1 at ¶¶ 28–29, 38–39).

## III. Irreparable Injury

Plaintiff has shown a substantial threat of immediate and irreparable injury if the Court does not enter this Order. The injury is Defendants' continued sales of Infringing Products. Those sales displace sales of Plaintiff's own products bearing the Work and take away Plaintiff's control over where and how the Work is reproduced (Dkt. #1 at ¶ 20). The injury is irreparable for three reasons. First, the Work is Christmas artwork sold on greeting cards, and most diverted sales will occur before the holiday season ends (Dkt. #1 ¶ 20; Dkt. #6-1 at ¶¶ 8–9.) Second, Defendants operate through 115 anonymous seller accounts, and Plaintiff cannot reliably measure the sales each Defendant has diverted. Third, Defendants can withdraw the balances in their marketplace accounts to accounts outside the United States, which risks leaving Plaintiff without a way to collect

a monetary judgment (Dkt. #6-1 at ¶¶ 8–9). Because the dollar value of these losses is especially difficult to establish, an award of money damages after trial would not adequately remedy the injury.

**IV. Balance of Hardships**

The threatened injury to Plaintiff outweighs any harm this Order may cause Defendants. Defendants have no legitimate interest in selling unauthorized copies of the Work. This Order reaches only Infringing Products and leaves Defendants free to sell goods that are not Infringing Products.

**V. Public Interest**

This Order serves the public interest by enforcing the Copyright Act, which authorizes the Court to grant temporary injunctions on reasonable terms to prevent or restrain copyright infringement. 17 U.S.C. § 502(a). Because this Order reaches only the Infringing Products, the public keeps access to Defendants' other goods.

**VI. Issuance Without Notice**

Specific facts in the Verified Complaint and the Jones Aff. clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). Each Defendant operates through an anonymous seller account that does not disclose a verified legal name or physical address (Dkt. #1 at ¶ 29; Dkt. #6-1 at ¶ 9). A seller on the Online Marketplaces can withdraw account balances to accounts outside the United States, delete listings, change Seller IDs, or alter sales data without notice to Plaintiff (Dkt. #6-1 at ¶¶ 8-9.) Notice of the Motion would allow Defendants to move those funds and destroy that evidence before the Court can act. Plaintiff's counsel has certified in writing that Plaintiff has not given notice of the Motion to Defendants and has stated the reasons notice should

not be required. FED. R. CIV. P. 65(b)(1)(B). The Court therefore issues this Order without notice to Defendants.

## VII. Asset Restraint

Plaintiff seeks Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b) (Dkt. #1 at ¶ 43). That recovery is an equitable remedy, and the Court may restrain assets to preserve it. Plaintiff has shown a likelihood that Defendants will dissipate the funds held in their marketplace accounts if the Court does not restrain those funds.

## VIII. Expedited Discovery

Good cause exists for limited expedited discovery. FED. R. CIV. P. 26(d)(1). Plaintiff cannot identify or serve Defendants, or identify the accounts restrained by this Order, without information the Online Marketplaces hold.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order, Preliminary Injunction, and an Order Restraining the Transfer of Assets (Dkt. #6) is hereby **GRANTED**.

The Court **ORDERS** as follows:

The Court hereby **ORDERS** each Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are **TEMPORARILY RESTRAINED** from:

(a) Reproducing the Work, or any work substantially similar to the Work, on greeting cards or other products;

(b) Publicly displaying the Work in any product listing or storefront; or

(c) Distributing, offering for sale, or selling any Infringing Product.

Nothing in this Order restrains any Defendant from selling foods that are not Infringing Products.

It is further **ORDERED** that upon receipt of actual notice of this Order, the Online Marketplaces and Payment Processors shall restrain the transfer or withdrawal of funds held for or on behalf of each Defendant in accounts linked to that Defendant's Seller ID, limited to the gross revenue from that Defendant's sales of the Infringing Products. Funds above that limit, and funds from sales of goods that are not Infringing Products, are not restrained. Under Federal Rule of Civil Procedure 65(d)(2), this Order binds each Online Marketplace and Payment Processor only after it receives actual notice of this Order. FED. R. CIV. P. 65(d)(2).

It is further **ORDERED** that Plaintiff may serve discovery on the Online Marketplaces (Amazon, eBay, and Walmart) limited to the following information:

(a) Each Defendant's name, physical address, and email address;
(b) The payment accounts linked to each Seller ID; and
(c) Sales records for Infringing Products.

It is further **ORDERED** that the Online Marketplaces shall respond within seven (7) days of service. Plaintiff may use the information obtained under this paragraph only to prosecute this action, including to identify and serve Defendants and to identify restrained accounts.

It is further **ORDERED** that based on the evidence of infringement (Dkt. #3) filed by Plaintiff with the Court, no surety bond will be required at this time.

It is further **ORDERED** that Plaintiff shall serve this Order on the Online Marketplaces promptly after entry. Plaintiff shall serve Defendants with the Summons, the Verified Complaint, the Motion, and this Order by the method authorized by the Court within two (2) days upon receipt of the identifying information from Online Marketplaces, and shall file proof of service before the preliminary injunction hearing.

It is further **ORDERED** that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served on the attorneys for Plaintiff by delivering copies thereof to the offices of PMJ PLLC, The Department, 1 North 1st Street, Phoenix, AZ 85004 or litigation@pmjpllc.com, no less than two (2) days in advance of the hearing to show cause, with any Reply by Plaintiff to be filed and served at the hearing.

It is further **ORDERED** that a Temporary Restraining Order without notice is issued on this 5th day of November, 2026 at 9:11 a.m. and shall remain in effect until fourteen (14) days from the date of this Order. Plaintiff will be required to post a bond of zero ($0) U.S. dollars.

It is further **ORDERED** that this matter is set for a hearing at ***1:30 p.m.*** on ***Wednesday, November 18, 2026*** at the ***Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, TX 75090.***

**IT IS SO ORDERED.**

**SIGNED this 5th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE